UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALFRED L. CARPENTIER,<br><br>                Petitioner,<br><br>   v.<br><br>STATE OF IDAHO,<br><br>                Respondent. | Case No. 1:23-cv-00535-REP<br><br>**INITIAL REVIEW ORDER** |

Petitioner Alfred L. Carpentier has filed a Petition for Writ of Habeas Corpus challenging Petitioner's state court convictions. *See* Dkt. 3. The Court now reviews the petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Petitioner to file an amended petition if Petitioner intends to proceed.

## REVIEW OF PETITION

1. **Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is

appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

**2.  Discussion**

Petitioner was convicted in Canyon County District Court of lewd and lascivious conduct, sexual battery, and possession of a controlled substance. Petitioner pursued a direct appeal as well as state post-conviction relief.

In the instant Petition for Writ of Habeas Corpus, Petitioner brings the following claims. In Claim 1, Petitioner states that the prosecuting attorney in his case "was dismissed from her position due to evidence/witness tampering" in another case. *Pet*. at 4. Petitioner alleges that this dismissal warrants review of this case "along with others." *Id*. This claim does not assert any particular error in Petitioner's proceedings, however.

Claim 2 asserts that Petitioner's right to appeal was violated because his "letters and motions" were returned by two courts, "indicating that paperwork was filed with wrong courts." *Id*. at 5. The courts Petitioner references are not identified, and it is unclear who sent the documents to the incorrect courts. Was Petitioner filing his own documents, or was he was represented by counsel? If counsel sent documents to the wrong courts, then Petitioner would also need to assert ineffective assistance of counsel under the Sixth Amendment, rather than simply a violation of his right to appeal.

Finally, Claim 3 asserts that Petitioner's right to access the courts was violated when he was not permitted to access unidentified "court documents." *Id*. at 6. There are no additional details or descriptions of the proceeding in which Petitioner requested these unidentified documents, nor is it clear which court or other entity denied the requests.

Further, the right to access the courts appears not to apply to a criminal defendant who is represented by counsel, and Petitioner's representation status is unclear. *See Hawkins v. Christensen*, No. 1:13-CV-00321-BLW, 2020 WL 1518623, at *55 (D. Idaho Mar. 30, 2020) (unpublished) ("There is no precedent establishing the right of a *represented* criminal defendant to separately access the courts through an adequate prison or jail access-to-courts program."), *appeal dismissed sub nom. Hawkins v. Raney*, No. 20-35323, 2020 WL 3866886 (9th Cir. Apr. 23, 2020).

Simply put, the Petition is overly vague and generalized and does not comply with Habeas Rule 2(c), which requires a habeas petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Petitioner has not included enough facts for Petitioner to proceed at this time.

### REQUEST FOR APPOINTMENT OF COUNSEL

Because an amended petition is required for Petitioner to proceed, the Court will deny Petitioner's request for appointment of counsel without prejudice. Petitioner may renew the request for counsel in an amended petition.

### ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED. Petitioner must pay the $5.00 filing fee when Petitioner next receives funds in Petitioner's inmate trust account.

2. Petitioner's request for appointment of counsel (contained in the Petition) is DENIED without prejudice.

3. Within 28 days after entry of this Order, Petitioner must file an amended petition as described above. If Petitioner fails to file a timely amended petition, or if it appears from the face of the amended petition that Petitioner is not entitled to relief, this case may be dismissed with prejudice and without further notice.

DATED: February 21, 2024

Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

INITIAL REVIEW ORDER - 4